UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Gerson Guox, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Bk. Case No: 19-11852 BLS |

**THIRD AMENDED CHAPTER 13 PLAN**
**March 26, 2020**

**I. Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

- ☐ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
- ☐ The plan will seek avoidance of a lien or security interest
- ☒ The plan contains nonstandard provisions in paragraph VI

**II. Plan Payments and Length of Plan:** The future earnings of the Debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of **$925.00** monthly for **3** months and **$1,017.00** for **57** monthly payments.

**III. Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:**
   Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
   
   | | |
   |---|---|
   | (A) Debtor's Counsel Fees | $3,310.00 |
   | (B) Priority Taxes | |
   |     2016 DOR | $1,439.40 |
   |     2017 DOR | $9.94 |
   |     2015 IRS | $2,955.13 |
   | ☐ (C) Domestic Support Obligations | 0 |
   | ☐ (D) Other Priority or Administrative Expenses | 0 |

2. **Secured Claims**–(boxes must be checked)

☐ Pro-rata with or

■ Subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

■ (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, **Wells Fargo, $17,024.92** for the real property at 18020 McColley's Chapel Road, Georgetown, Delaware.

■ Debtor shall continue to make regular post-payments directly to Wells Fargo. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

■ Upon maturity of the loan with Wells Fargo for the property located on 18020 McColley's Chapel Road, Georgetown, Delaware, the Debtor agrees the automatic stay under 11 USC Section 362 is terminated as to the property and Creditor's interest in the property, without further order of the court.

■ (B) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to **Citibank, N.A., $29,140.96** - for the real property at 18050 McColley's Chapel Road, Georgetown, Delaware.

■ Debtor shall continue to make regular post-payments directly to Citibank, N.A. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

■ (C) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to **Wells Fargo, $1,230.67** - for the real property at 18050 Mc Colley's Chapel Road, Georgetown, Delaware.

■ Debtor shall continue to make regular post-payments directly to Wells Fargo. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

■ (D) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to **Delaware State Housing Authority**, - NONE - for the real property at 18050 Mc Colley's Chapel Road, Georgetown, Delaware.

■ Debtor shall continue to make regular post-payments directly to Delaware State Housing Authority. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

☐ (E) Secured Vehicle debt (cramdown) -   NONE

☐ (F) Secured Vehicle debt (910 car claim) - NONE

■ (G) Other secured debt: The commercial mortgage held by M&T Bank and secured in part by 18020 and 18050 McColley's Chapel Road to be crammed down to the net equity in the properties. See Section VI non-standard provisions.

3. **Surrender of Collateral and Co-Debtor Relief:**
   ▪ A) The real property known as 26007 Pugs Crossing Road, Millsboro, Delaware was owned by GGuox, LLC and is not property of the Debtor's bankruptcy estate. The Debtor abandons any interest that it may have had in such property.

   ☐ (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
   Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or ☐ a pro rata dividend of
   ☐ 1. _____ BIOC or
   ☐ 2. _____Disp. Income x 60 months as calculated under Section 1325(b), or
   ▪ 3. a pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:** (If applicable)   The following leases or executory contracts of the debtor will be treated as follows:                   NONE

V. **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

VI. **Nonstandard Provisions**:

**M&T Bank** made a $50,000 loan ("Loan") to C and G Enterprises Inc. which is guaranteed by the Debtor and secured by a duly perfected mortgage lien against 18020 and 18050 McColley's Chapel Road, Georgetown, Delaware ("Properties") owned by the Debtor pursuant to an Indemnity Mortgage recorded at the Recorder of Deeds for Sussex County on June 15, 2007 at Book 9710, page 296 ("Mortgage"). M&T Bank shall have an allowed secured claim in the amount of $21,286.62 plus interest thereon at the rate of four percent (4%) per annum from the date of confirmation of this Plan ("Allowed Secured Claim") against the Debtor and the Properties.   The Allowed Secured Claim ( which shall include interest at the rate of 4% per annum from the date of confirmation of this Plan for a total payment to M&T Bank of $23,108.09) shall be paid by the Debtor to M&T Bank as follows: beginning on the thirtieth (30th) day following the date of confirmation of this Plan, and on the thirtieth (30th) day of each month thereafter until such time as the Allowed Secured Claim and interest thereon is paid in full, the Debtor shall deliver a monthly payment to M&T Bank in the amour of $471.60. M&T Bank shall retain its mortgage lien and Mortgage against the Properties in the same priority that existed pre-petition to secure the Allowed Secured Claim. M&T shall retain all

of its rights and remedies with respect to the Properties as set forth in the Mortgage. Any judgment lien that M&T Bank previously recorded against the Properties shall be voided.

The Debtor is not entitled to a discharge.

The Debtor shall make all future monthly plan payments on time, and upon failure to do so, this case shall be dismissed without further notice or hearing by Certification of Default filed by the Chapter 13 Trustee.

The Debtor shall make all future monthly payments to secured creditors on a timely basis. Failure to do so shall result in 10-Day Notice to Cure issued by the Creditor, to be followed by a Certification of Default and automatic Relief of Stay issued to the Secured Creditor if the default is not cured within the 10-Day Notice timeframe.

Any other nonstandard provision placed elsewhere in this plan is void.

**VII. Filing Proof of Claim Required**:   A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

**The undersigned certifies that this plan contains no nonstandard provisions other than as set forth in Paragraph VI above.**

| /s/ Gerson Guox | March 26, 2020 |
|---|---|
| Debtor's Signature | Date |

| /s/ Gerry Gray, Esq. | March 26, 2020 |
|---|---|
| Attorney for Debtor | Date |

****Plan is amended to include language to satisfy the objection by Wells Fargo*****

## Third Amended CHAPTER 13 PLAN ANALYSIS

**Debtor: Gerson Guox**  
**Case #  19-11852**

**Date: March 26, 2020**

Prior Bankruptcy (  )          Chapter 13 ( X )

<u>Trustee Use:</u>  
Estimated Length of Plan:  
341 Meeting Date:  
Continued:  
Confirmed Date:

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSE

| | |
|---|---:|
| A. Total Priority Claims (Class One) | $ 7,714.47 |
|     1. Unpaid Attorney's Fees | $ 3,310.00 |
|     2. Taxes | $ 4,404.47 |
|     3. Other | $ 0.00 |
| B. Total of Payments to Cure Defaults (Class Two) | $ 47,396.55 |
| C. Total of Payment to Secured Claims (Class Three) | $ 0.00 |
| D. Total of Payments on Unsecured Claims (Class Four) | $ 100.00 |
| E. Sub-total | $ 55,211.02 |
| F. Total Trustee's Compensation (10% of debtors' payments) | $ 5,521.10 |
| G. Total Debt and Administrative Expenses | $ 60,732.12 |

### RECONCILIATION WITH CHAPTER 7

H. Interest of Class Four Creditors If Chapter 7 Filed
1. Value of debtors' interest in non-exempt property    $ 0.00
2. Plus: Value of Property Recoverable Under Avoiding Powers    $ 0.00
3. Less: Estimated Chapter 7 Administrative Expenses    $ 22,614.80
4. Less: Amounts Payable to Priority Creditors other than costs of administration    $ 0.00
5. Equal: Estimated Amount Payable to Class Four Creditors if Chapter 7 Filed (if negative, enter zero)    $ 0.00

I. Estimated Dividend for class four under Chapter 7    $ 0.00  
J. Estimated Dividend for class four under Plan    $ 100.00

/s/ *Gerry Gray*  
Attorney for Debtor

/s/ *Gerson Guox*  
Debtor